Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas
Houston Division

United States Courts
Southern District of Texas
FILED
MAR 08 2021
Nathan Ochsner, Clerk of Court

Shereen Suraya DeVries

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

Harris County, Texas, Chad J. Shaw, Laurie L. Christensen, Robert W. Royall Jr.

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. _____
*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ☒ Yes ☐ No

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

### I. The Parties to This Complaint

#### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Shereen DeVries |
| Street Address | 2335 W T C Jester Blvd |
| City and County | Houston, Harris |
| State and Zip Code | Texas 77008 |
| Telephone Number | (713) 636-9115 |
| E-mail Address | sdevries@protonmail.com |

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

**B.   The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1
- Name: Harris County, Texas
- Job or Title *(if known)*:
- Street Address:
- City and County: Houston, Harris
- State and Zip Code: Texas
- Telephone Number:
- E-mail Address *(if known)*:

Defendant No. 2
- Name: Chad J. Shaw
- Job or Title *(if known)*: Deputy Chief
- Street Address: 2318 Atascocita Rd
- City and County: Humble, Harris
- State and Zip Code: Texas, 77396
- Telephone Number: 713-274-1741
- E-mail Address *(if known)*: chad.shaw@fmo.hctx.net

Defendant No. 3
- Name: Laurie L. Christensen
- Job or Title *(if known)*: Fire Marshal
- Street Address: 7701 Wilshire Place Dr.
- City and County: Houston, Harris
- State and Zip Code: Texas, 77040
- Telephone Number: 281-850-8467
- E-mail Address *(if known)*: LLC@hctx.net

Defendant No. 4
- Name: Robert W. Royall Jr.
- Job or Title *(if known)*: Assistant Chief
- Street Address: 2318 Atascocita Rd
- City and County: Humble, Harris
- State and Zip Code: Texas, 77040

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

|  |  |
|---|---|
| Telephone Number | 713-828-2160 |
| E-mail Address *(if known)* | bob.royall@fmo.hctx.net |

### C. Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

|  |  |
|---|---|
| Name | Harris County Fire Marshal's Office |
| Street Address | 2318 Atascocita Rd |
| City and County | Humble, Harris |
| State and Zip Code | Texas 77396 |
| Telephone Number | (281) 436-8000 |

## II. Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☒ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☒ Other federal law *(specify the federal law)*:
42 U.S.C. § 1983

☐ Relevant state law *(specify, if known)*:

☐ Relevant city or county law *(specify, if known)*:

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☐ Failure to hire me.
- ☒ Termination of my employment.
- ☐ Failure to promote me.
- ☐ Failure to accommodate my disability.
- ☐ Unequal terms and conditions of my employment.
- ☒ Retaliation.
- ☐ Other acts *(specify)*: _____

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B. It is my best recollection that the alleged discriminatory acts occurred on date(s)
August 26, 2020

C. I believe that defendant(s) *(check one)*:
- ☒ is/are still committing these acts against me.
- ☐ is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- ☐ race _____
- ☒ color — White
- ☒ gender/sex — Female
- ☐ religion _____
- ☒ national origin — Iranian decent
- ☐ age *(year of birth)* _____ *(only when asserting a claim of age discrimination.)*
- ☐ disability or perceived disability *(specify disability)*

E. The facts of my case are as follows. Attach additional pages if needed.

In October 2004, I began working for Harris County Fire Marshal's Office, and my final position was Sr. Hazmat Technician. On August 26, 2020, I received a telephone call from Robert W. Royall Jr, Assistant Chief, notifying me that I had two options, resign or be terminated due to an allegedly inappropriate conversation.

On July 24, 2020, I had a discussion with two coworkers on actual current events that were well documented in the media, and such topics were clearly matters of public concern based on the amount of social discourse prevalant across all forms of media. Specifically, I spoke with Curtis Garmon, a white male, and Johnathon Blue, a black male, about the Marxist ideology becoming pervasive in the Black Lives Matter Inc. organization as boasted by one of their founding members, and we discussed the degredation of the family unit as outlined on the Black Lives Matter Inc. website. We discussed the historical basis of systemic racism implemented by the government designed to disrupt the black family, and we discussed current perception being supported by the media concerning interracial relationships. Discussions of current events, such as the conversation described above, were common in the workplace, and to my knowledge, such conversations never resulted in someone being reprimanded or receiving any type of corrective action. The conversation was not disruptive in the workplace, none of the participants in the conversation , myself included, used raised voices or derogatory language, and nothing in this conversation violated any workplace rules or policies. The convesration concerned topics of racial justice, including problems such as institutionalized racism and the destruction of the nuclear family dynamic in marginalized communities—topics that dominated the news cycle in the Summer of 2020.

While I believed I expressed my opinion regarding the above-described topics with my colleagues in an apprpopriate and professional manner, Johnathon Blue who participated in the conversation and provided details of the conversation to other members of the team over a week after the conversation occurred, apparently disagreed with my viewpoint and falsely attributed comments to me in a report to decsion-makers at Harris County. I was terminated without so much as an interview, while the two males involved in the conversation were afforded interviews with the arson investigator conducting the investigation, as Human Resources was not involved, and to my knowledge, the investigator has no Human Resources experience. It was a deviation from Harris County's policy that was in-place at the time for such an investigation to be conducted by anyone outside of the Human Resources Department.

On August 11, 2020 I was suspended, the investigation was initiated, and I was treated with zero integrity and no due process. I was alienated from my coworkers in an effort to further impugn my character. I was not notified what the actual nature of the allegations were for the suspension; rather, I was provided only a vague description of the complaint. I did not even know who made the complaint until after I was terminated. I was, however, told to provide a statement of the conversation that had taken place July 24, 2020, with as much detail as possible, within 24 hours of being suspended and with no particular information about what I was accused of doing. I complied with this directive despite being deprived of what it was I was being accused of with any meaningful particularity.

After acquiring the completed investigation, for which I had to submit a request for public information after my termination to obtain, it was evident the investigation was biased and worked backwards from a predetermined conclusion. There were misrepresentations made that I was never given an opportunity to defend against. There were also assumptions made and facts left out of the investigation. I expressed a willingness to take a polygraph as to the truthfulness of my statement. The investigation omitted pertinent information regarding conversations that took place the next day. But, the investigation included statement of hearsay and double hearsay as evidence of my supposed wrongdoing for which I was deliberately refused an opportunity to confront because Chad Shaw, who testified before the Texas Workforce Commission under oath that it was his recommendation to terminate my employment, disagreed with my expression of my political viewpoint and because I am a female of Iranian national origin.

In November 2019, I was passed over for a promotion despite my extensive experience and being next in line for a promotion to management, as an obvious successor to my supervisor. I was told that I did not receive the promotion due to my interpersonal skills while the male who received the promotion was told he had to improve his attitude. The people conducting the investigation were also on the committee for the promotional interviews.

I have been called a half terrorist throughout my employment by supervisors and coworkers.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Despite the comments being derogatory about my national origin, corrective action was never deemed necessary.

I believe my employer used a pretextual reason to discharge me because I was the highest-ranking female employee, and the only employee of Iranian national origin, in the Harris County Fire Marshal's Office. I was treated less favorably than similarly situated male employees of non-Iranian national origin, including but not limited to Johnathon Blue, Curtis Garmon, Adam Aiken and Sean Webb. In particular, I was not afforded the same opportunity during Harris County's investigation as the two male, non-Iranian employees to be able to provide my side of the story, nor the opportunity afforded to the other two non-Iranian males who overheard but were not engaged in the conversation. Additionally, I was replaced by a white non-Iranian male. Further, Mr. Garmon is eligible for rehire at Harris County, while I am not, despite being accused of engaging in the same allegedly inappropriate conversation on July 24, 2020, and Mr. Blue had no action taken against him despite being engaged in and an active participant of the conversation. This is important because Mr. Shaw, in sworn testimony before the Texas Workforce Commission, testified that I was terminated merely because I engaged in the conversation on July 24, 2020, rather than the substance of the conversation. I further believe that my being blacklisted from reemployment at Harris County is a direct result of, and in retaliation for, engaging in a protected activity under Title VII because I filed a charge of discrimination against Harris County.

My beliefs and values are very well known at my former employer and among my former coworkers and supervisors because I expressed conservative values, including the rejection of Marxism and valuing the family unit. Chad J. Shaw, Robert W. Royall Jr. and Laurie L. Christensen, in their positions of Deputy Chief, Assistant Chief and Fire Marshal, respectively, acted under color of state law when Chad J. Shaw conjured false allegations against me in a pretextual investigation, and Robert W. Royall Jr. and Laurie L. Christensen terminated my employment because they disagreed with my expression of my political viewpoint. The First Amendment right to engage in political speech was clearly established at the time of my termination. Accounting for Chad J. Shaw's approximately four and half years' experience in the role of Deputy Chief, Robert W. Royall Jr's fifteen years as Assistant Chief, and Laurie L. Christensen's approximately three years' as Fire Marshal, it follows that a reasonable official in their positions and with their experience and training would understand that terminating an employee for engaging in protected political speech violates the First Amendment. Harris County discriminated against me because of my race (White), national origin (Iranian) and sex (female), and retaliated against me in violation of Title VII of the Civil Rights of 1964, as amended. Additionally, Harris County, Chad J. Shaw, Laurie L. Christensen and Robert W. Royall Jr. in their individual capacities, retaliated against me for engaging in political speech protected by the First Amendment, as was recently corroborated by Chad J. Shaw during a hearing with the Texas Workforce Commission, in violation of 42 U.S.C. § 1983.

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV. Exhaustion of Federal Administrative Remedies

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

11/24/2020

B. The Equal Employment Opportunity Commission *(check one)*:

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

☐ has not issued a Notice of Right to Sue letter.

☒ issued a Notice of Right to Sue letter, which I received on *(date)*    12/15/2020    .

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.    Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐ 60 days or more have elapsed.

☐ less than 60 days have elapsed.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

I seek reinstatement, or front pay in lieu of reinstatement. If reinstatement is impracticable or impossible I further seek back pay from the date of my termination, inclusive of compensation for lost wages, lost pension contributions, lost medical benefits, lost life insurance, long term disability coverage, and other compensatory damages. I also seek recovery of costs of court, prejudgment and post-judgment interest as allowed by law, and any and all further relief, in law or in equity, to which I may be justly entitled.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:      3/8/2021

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Signature of Plaintiff _[signature]_
Printed Name of Plaintiff    Shereen DeVries

**B.**    **For Attorneys**

Date of signing: _____

Signature of Attorney    _____
Printed Name of Attorney    _____
Bar Number    _____
Name of Law Firm    _____
Street Address    _____
State and Zip Code    _____
Telephone Number    _____
E-mail Address    _____